# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8847 | **DATE** | 6/16/2004 |
| **CASE TITLE** | ULATOWSKI vs. JOHN STERLING CORPORATION, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motions to dismiss [21-1, 24-1, 25-1] are granted in part and denied in part. The motions are granted as to Amerisure and Stolarik on Count I; as to JSC and Stolarik on Counts II, IV and V; and as to Amerisure on Counts III, IV and V. The motions are denied as to JSC on Count I; as to Amerisure on Count II; and as to Stolarik on Count III. JSC's motion for a more definite statement [21-1] as to Count III is granted. Plaintiff shall comply by June 28, 2004 or Count III will be dismissed. Defendants shall answer all surviving claims by July 2, 2004. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 6-17-04 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 43 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/16/2004 date mailed notice | |
| CB courtroom deputy's initials | | Date/time received in central Clerk's Office | PW mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CINDY ULATOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 8847 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| JOHN STERLING CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JUN 17 2004

## **MEMORANDUM OPINION AND ORDER**

Cindy Ulatowski ("Ulatowski") sues John Sterling Corporation ("JSC"), Amerisure Mutual Insurance Company ("Amerisure"), Wayne Stolarik ("Stolarik"), Debra Gaertner ("Gaertner"), Steven Jarabek ("Jarabek"), and Charles Carroll IV ("Carroll") for discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., (Count I), intentional infliction of emotional distress (Count II), retaliatory discharge (Count III), fraudulent conspiracy to coerce plaintiff to abandon rights (Count IV), and constructive fraud and conspiracy to commit fraud (Count V). Defendants JSC, Amerisure and Stolarik separately move for dismissal of Ulatowski's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND

The following facts are taken from Ulatowski's amended complaint. JSC is an Illinois corporation engaged in the manufacture of home hardware products. Amerisure is a Michigan company that insures JSC for workers compensation. Stolarik and Gaertner are JSC human relations employees, Jarabek is one of Amerisure's claims adjusters, and Carroll is a physician at Chicago's

1



Northwestern Memorial Hospital. Ulatowski is a former JSC employee. She worked on a production line, assembling and packaging closet rods using a Doboy machine.

In February 2002, Ulatowski was diagnosed with carpel tunnel syndrome ("CTS") after experiencing forearm and hand pain and disability. Ulatowski's doctor placed her under medical restrictions of no repetitive work. JSC reported Ulatowski's condition to Amerisure. The restrictions did not alleviate Ulatowski's symptoms, and surgery on both arms was recommended in March 2002. After surgery in May 2002, Ulatowski's work activities were more specifically restricted by her physician, Dr. Grossman. He stated that Ulatowski was limited to finger tasks with her splinted right hand and could not perform repetitive tasks with her left hand. These restrictions prevented Ulatowski from operating the Doboy machine. JSC assigned Ulatowski to light office work, such as filing and other sedentary tasks.

In July 2002, Stolarik and Gaertner consulted with Jarabek and met with Dr. Grossman regarding Ulatowski's work restrictions. Ulatowski believes that Stolarik and Gaertner fraudulently induced Dr. Grossman to alter her work restrictions by misrepresenting her job description and reporting that she had indicated to them that she could perform finger tasks. After this meeting, Stolarik told Ulatowski that her work restrictions had been modified; he ordered her to resume assembly work on the production line or lose her job. Ulatowski then contacted Dr. Grossman, who denied releasing her to perform assembly work. Nevertheless, Ulatowski was required to return to her position on the production line until her pain became unbearable. As a result, Ulatowski's injuries were aggravated.

In September 2002, Ulatowski underwent a second surgery for CTS. JSC again assigned her non-repetitive, light office work. After surgery, Ulatowski repeatedly provided defendants with

medical reports about her inability to perform assembly work on the production line. JSC continued to provide Ulatowski with non-repetitive, light office work.

After several months, Amerisure requested Ulatowski to submit to an independent medical examination on April 11 by Carroll. Ulatowski's allegations challenge the independence of the examination. She contends that the other defendants furnished Carroll with written and videotape material misrepresenting her typical job requirements on the production line (including the requirements of the Doboy machine) and further engaged in *ex parte* communications with him regarding her condition "for the purpose of influencing the doctors' [sic] recommendations as to [her] ability and work capacity." Am. Compl. at ¶ 35. Carroll never asked Ulatowski about her job requirements or told her about receiving materials from and speaking with the other defendants. After the examination, Carroll prepared two reports that indicated Ulatowski could return to work on the production line, but suggested that her return would be complicated by subjective complaints. Ulatowski was not provided with copies of the reports.

In late May 2003, Ulatowski was told that further non-repetitive, light office work was no longer available, but that she could take a leave of absence under the federal Family Medical Leave Act ("FMLA"). In connection with the leave, Ulatowski was directed to complete FMLA paperwork and was told to apply for short term disability payments, as opposed to workers' compensation benefits through Amerisure. She refused.[1]

Ulatowski claims she was effectively terminated on June 2, but that JSC continued the termination date to August 19, the date on which the FMLA leave she rejected expired. Sometime

---

[1]Under short term disability, Ulatowski would have only been entitled to 60% of salary for 12 weeks, as opposed to 66 2/3 % of salary for the duration of her CTS disability under workers' compensation.

3

between August 19 and 22, JSC reiterated to Ulatowski that no further light office work was available and that Carroll believed her to be capable of performing assembly work on the production line. JSC informed Ulatowski that she would "self terminate" effective August 25 unless she returned to the production line.

Ulatowski believes defendants engaged in a conspiracy to defraud her of employment and benefits. In particular, she points to written and video tape materials furnished to Carroll and to Jarabek's failure to alert JSC of Carroll's concern that "subjective complaints . . . could make optimal return to work difficult for all parties." Am. Compl. at ¶¶ 31, 37. During this period, Ulatowski repeatedly provided defendants with medical reports from her "treating physicians and therapists that [she] was disabled from performing her Doboy production line job but that she could do office type desk and filing type work." *Id.* at ¶ 45. As of August 21, Ulatowski was restricted to light duty; she could not use her hands above mid-chest level and could only lift up to ten pounds, push and pull up to twenty pounds, and engage in repetitive tasks for no more than one hour at a time for a maximum of three hours a day. *Id.* at Ex. H. On August 22, Ulatowski requested "a job consistent with [her] current doctor's orders, ie, [sic] light duty type work." *Id.* at Ex. F. After termination, Ulatowski filed an EEOC complaint against JSC for wrongful discharge under the ADA. The EEOC issued Ulatowski's right to sue letter in September 2003. Ulatowski has undergone two additional surgeries for CTS.

## DISCUSSION

### I. LEGAL STANDARD

For purposes of motions to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of Ulatowski. *Travel All Over the*

*World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996). In ruling, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Ulatowski's claims may be dismissed only if there are no sets of facts that would entitle her to relief based on the allegations in the amended complaint. *Conley*, 355 U.S. at 45-46. However, Ulatowski can plead herself out of court by pleading facts that undermine the allegations set forth in the amended complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## II.  ADA DISABILITY CLAIM

Preliminarily, the parties dispute whether Ulatowski pleaded an ADA claim against all defendants. Although Ulatowski should have been clearer, Count I appears to allege all defendants violated the ADA. *Compare* Am. Compl. at ¶ 53 ("Defendant, John Sterling Corporation has intentionally discriminated against Plaintiff") *with* ¶¶ 53(b) and 54 ("As a result of Defendants wrongful conduct . . . Award Plaintiff punitive damages in excess of $100,000 as to *each Defendant*") (emphasis added). Accordingly, the sufficiency of Ulatowski's ADA claim will be addressed as to JSC, Amerisure, and Stolarik.

JSC moves to dismiss Ulatowski's ADA claim for failure to state a claim. Specifically, JSC contends that Ulatowski fails to allege sufficient facts of her status as a "qualified individual with a disability." JSC's contention lacks merit.

Under the ADA, it is unlawful for an employer to "discriminate against a qualified individual with a disability because of the disability . . . in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms,

5

conditions and privileges of employment." 42 U.S.C. § 12112(a). In order to state a claim for discrimination under the ADA, Ulatowski must sufficiently plead the "initial element of an ADA claim, *i.e.*, that she suffers from a 'disability' as defined in the Act." *Homeyer v. Stanley Tulchin Assoc., Inc.*, 91 F.3d 959, 961 (7th Cir. 1996). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of an individual." 42 U.S.C. § 12102(2). Major life activities refer to those activities that are of central importance to an individual's daily life, and include "performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 193 (2002); 29 C.F.R. § 1630.2(i). "Substantially limited" means that the person is either unable to perform a major life function or is "significantly restricted as to the condition, manner or duration" under which the individual can perform a particular major life function, as compared to the average person in the general population. 29 C.F.R. at 1630.2(j). The EEOC regulations interpreting the ADA provide that the major life activity of work is only substantially limited "if the individual is significantly restricted in the ability to perform a class of jobs or a broad range of jobs in various classes as compared to the average person with comparable training, skills, and abilities." 29 C.F.R. § 1630.2(j)(3)(i).

Ulatowski's allegations are sufficient to allege an ADA claim. Ulatowski alleges JSC failed to reasonably accommodate and discharged her because of her carpal tunnel syndrome, a physical impairment. This satisfies the liberal standard of notice pleading required by the federal system. Contrary to JSC's suggestion, Ulatowski need not have pleaded exactly how she is substantially limited in major life activities to survive dismissal. *Moore v. Cook County Hosp. Civil Service Com'n of Cook County*, No. 96 C 6985, 1997 WL 529550 at * 2 (N.D. Ill. Aug. 15, 1997) (plaintiff

need not plead facts, evidence or her theory of the case). Defendant's reliance on *Toyota* and *Washington v. Anderson Consulting LLP*, No. 96 C 2765, 1997 WL 106262 (N.D. Ill. Feb. 13, 1997) is misplaced. Neither of those disability claims were dismissed pursuant to Rule 12(b)(6), but pursuant to Rule 56, on the basis of a fully developed factual record before the court on summary judgment. Ulatowski's allegations of the physical impairment of carpal tunnel syndrome may constitute a disability under the ADA. *See, e.g., Dalton et al. v. Subaru-Isuzu Automotive, Inc.*, 141 F.3d 667, 676 (7th Cir. 1998) (carpal tunnel syndrome a disability under the ADA); *DePaoli v. Abbott Laboratories*, 140 F.3d 668, 673 (7th Cir. 1998) (plaintiff disabled under the ADA because her medical restrictions precluded her from performing "a wide group of jobs in the Chicago area economy: virtually any assembly line job that required repetitive movement").

Nor has Ulatowski pleaded herself out of court by alleging that she was unable to perform the essential functions of her job on the production line. Am. Compl. at ¶ 44, Ex. H ("repetitive tasks no more than 1 hr. at a time, 3 hrs maximum/day"). A qualified individual with a disability is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The ADA requires an employer to consider reassigning a disabled employee to a different, vacant position as a reasonable accommodation where the employee can no longer perform the essential functions of her current position. *DePaoli*, 140 F.3c at 675; 42 U.S.C. § 12111(9)(B). Ulatowski alleges she asked JSC for reasonable accommodation, *i.e.*, a different job consistent with her medical restrictions. *Id.* at ¶ 46, Ex. F. Contrary to JSC's contention, Ulatowski may be able to show JSC failed to reasonably accommodate her by refusing to allow her to continue in the light duty office work position when such work was readily available or transfer her to a

different, vacant position. *See, e.g., Hendricks-Robinson, et al. v. Excel Corp.*, 154 F.3d 685, 697 (7th Cir. 1998) (question of fact remained as to whether injured employee's light-duty job was truly temporary or was a vacant permanent job to which employee was entitled as accommodation); *Lutter v. Rinella Beverage Co.*, No. 00 C 8024, 2004 WL 419826 at * 12 (N.D. Ill. Feb. 5, 2004) (question of fact remained as whether warehouse job was temporary or permanent and as to whether vacant position open). Accordingly, JSC's motion to dismiss Count I must be denied.

Ulatowski's ADA claim against Amerisure and Stolarik fails as a matter of law. Neither Amerisure nor Stolarik were named as respondents in the right-to-sue letter issued by the EEOC. Am. Compl. at Ex. A. *Coleman v. Advance Trans. Co.*, No. 92 C 8248 (N.D. Ill. Aug. 16, 1993) (jurisdiction to sue defendants in federal court improper absence allegation that defendants were named in the EEOC's right-to-sue notice); *McMullin v. Harrole*, No. 91 C 20151, 1992 WL 184283 (N.D. Ill. April 10, 1992) (same).[2]

In addition, Ulatowski's claim against Stolarik fails because individual liability is unavailable under the ADA. *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995). Neither *Haddle v. Garrison*, 525 U.S. 121 (1998) nor *Melton v. Five Four, Corp.*, No. 99 C 1274, 1999 WL 436572, at * 1 (N.D. Ill. 1999) save the day for Ulatowski. Both are inapposite. *Haddle* involved a conspiracy claim pursuant to 42 U.S.C. § 1985(2) and *Melton* involved a § 1981 claim; neither dealt with individual liability under the ADA. Therefore, Amerisure and Stolarik are dismissed from Count I with prejudice.

---

[2]By failing to respond to this argument, Ulatowski effectively concedes dismissal as to Amerisure.

## III. PREEMPTION OF ULATOWSKI'S TORT CLAIMS

Ulatowski brought the following tort claims against JSC and Stolarik: (1) intentional infliction of emotional distress (Count II); (2) fraudulent conspiracy to coerce plaintiff to abandon rights (Count IV); and (3) constructive fraud and conspiracy to commit fraud (Count V). JSC and Stolarik assert that Ulatowski's claims must be dismissed as preempted by the Illinois Human Rights Act ("IHRA") or the Illinois Workers' Compensation Act ("IWCA"). Ulatowski's claims against JSC and Stolarik are preempted by the IHRA.

The IHRA preempts state tort claims that are "inextricably linked" to a civil rights violation within the meaning of the statute. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Thus, the court lacks subject matter jurisdiction when allegations based on state tort claims constitute "civil rights violations" as defined by the IHRA. *Id.* Discrimination based on a disability is a civil rights violation prohibited by the IHRA. 775 ILCS 5/1-103(I). Ulatowski expressly admits her tort claims are based on disability discrimination. *See, e.g.*, Pl.'s Amerisure Resp. at 12 ("[Plaintiff's] claims of intentional infliction of emotional distress, fraud and conspiracy to commit fraud are with respect to her rights and claims under the ADA"). Indeed, the amended complaint does not contain any separate and distinct factual allegations about her tort claims, as opposed to her disability discrimination claim. Because Ulatowski bases her tort claims on the identical allegations as her disability discrimination claim, the tort claims are preempted. *Caroselli v. Allstate Insurance Co.*, No. 01 C 6834, 2004 WL 407004, at *5-6 (N.D. Ill. Feb. 23, 2004) (preempted intentional infliction of emotional distress claim inextricably linked to disability discrimination dismissed for lack of subject matter jurisdiction); *Luttrell v. Certified Grocers Midwest, Inc.*, No. 02 C 8881, 2003 WL 22844239 at * 5 (N.D. Ill. Dec. 1, 2003) (preempted intentional infliction of emotional distress claim

inextricably linked to disability discrimination dismissed for lack of subject matter jurisdiction because plaintiff's claim was "supported by factual allegations identical to those set forth in his ADA claim") (internal citation and quotation omitted); *Lopez v. Children's Memorial Hosp.*, No. 02 C 3598, 2002 WL 31898188, at * 7 (N.D. Ill. Dec. 31, 2002) (preempted civil conspiracy claim inextricably linked to age and race discrimination dismissed for lack of subject matter jurisdiction). Ulatowski's frivolous argument that her tort claims are based on defendants' fraudulent interference with contract or prospective business opportunity, independent of any disability discrimination, does not change this result. Pl. Opp. Mem. JSC at 17, 27. Under Illinois law, neither JSC nor its employees can interfere with JSC's at-will employment contract with Ulatowski. *Stanford v. Kraft Foods, Inc.*, 88 F.Supp.2d 854, 857 (N.D. Ill. 1999) ( No. 03 C 1074, 2003 WL 21955028 (N.D. Ill. Aug. 15, 2003) ("[A] party cannot 'interfere' with its own contract. . . . Included in the definition of 'party' are a company's employees, officers, and directors through whom the company acts"). Accordingly, Counts II, IV, and V against JCS and Stolarik are dismissed with prejudice.

Amerisure also moves for dismissal of Ulatowski's tort claims. Amerisure argues Ulatowski's tort claims are preempted by the IWCA's exclusivity provision and should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. The exclusivity provision of the IWCA bars an employee "common law or statutory right to recover damages from the employer, his insurer . . . or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of h[er] duty as such employee." 820 ILCS 305/5(a). The Illinois Supreme Court has recognized four exceptions to this general rule: (1) the injury was not accidental; (2) the injury did not arise from the plaintiff's employment; (3) the injury was not received during the course of employment; or (4) the injury is not compensable under the IWCA. *Meerbury v. Marshall Field &*

*Co., Inc.*, 564 N.E.2d 1222, 1226 (Ill. 1990). Ulatowski argues her tort claims are not preempted by the IWCA because Amerisure inflicted severe emotional distress upon her separate and apart from her CTS. Ulatowski's position finds support in Illinois law. In *Senesac v. Employer's Vocational Resources Inc.*, CCM, Inc., 754 N.E.2d 363, 370-71 (Ill. App. Ct. 2001), plaintiff brought an intentional infliction of emotional distress claim against his former employer's insurer, alleging that it had caused him to suffer a psychological breakdown as a result of its acts and omissions related to job retraining and placement. The trial court dismissed the claim on the ground that it was barred by the exclusivity provision of the IWCA. *Id.* The Illinois appellate court reversed, holding that the employee alleged that the insurer's "intentional acts resulted in a second injury distinct from [the employee's] original work-related injury" and that the injury was sustained outside "the line of duty." *Id.* at 370. Ulatowski claims she suffered severe emotional distress as a result of Amerisure's involvement in a conspiracy to fraudulently falsify written and videotape materials for purposes of negatively impacting her employment. If true, Ulatowski's tort claims do not appear precluded by the exclusivity provision as a matter of law. Although Ulatowski ultimately may not be able to prove her allegations of severe emotional distress or the existence of fraudulent conspiracy to prepare purportedly false written or videotape materials, she has identified a sufficient basis to survive Amerisure's motion to dismiss. Amerisure's motion to dismiss Counts II, IV and V pursuant to Rule 12(b)(1) is denied.

Nevertheless, Ulatowski's claims of fraudulent conspiracy to coerce plaintiff to abandon rights (Count IV) and constructive fraud and conspiracy to commit fraud (Count V) must be dismissed pursuant to Rule 9(b). As Amerisure correctly argues, the amended complaint fails to plead the supposed fraud and conspiracy with particularity. In particular, Ulatowski, for example,

11

relies entirely upon conclusory assertions that "defendants" conspired together and prepared fraudulent written and videotape materials. Significantly, Ulatowski fatally neglects to specifically identify purportedly fraudulent written and videotape materials furnished to the physicians. *See, e.g., Vicom, Inc. v. Harbridge Merchant Servs. Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (content of the misrepresentation must be alleged); *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992) (content of the alleged communications perpetuating the fraud must be alleged). Accordingly, Counts IV and V are dismissed without prejudice.

## IV.   RETALIATORY DISCHARGE

JSC and Stolarik both contend Count III of the amended complaint fails to provide fair notice of the legal basis for the alleged retaliatory discharge. JSC Mem. at 24 ("Defendant cannot fairly discern whether Plaintiff is alleging a cause of action for retaliation under some statutory authority, such as the ADA, FMLA, or even Title VII . . . or whether Plaintiff is alleging a common law claim of retaliatory discharge related to her workers compensation injury"). Amerisure contends Ulatowski's retaliatory discharge claim does not apply to it. Amerisure Mot. at 4, n.2 ("Count III is for retaliatory discharge, which must necessarily be brought only against Plaintiff's employer, John Sterling"). JSC moves under Rule 12(e) for a more definite statement. Stolarik and Amerisure, on the other hand, move for dismissal under Rule 12(b)(6). Ulatowski does not oppose JSC's motion, disputes Stolarik's motion, and fails to respond to Amerisure's motion. JSC's motion for a more definite statement will be granted, but Stolarik's motion to dismiss is premature. Given the uncertainty surrounding Ulatowski's factual allegations, individual liability may or may not be available against Stolarik. *Compare EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995) (individual liability unavailable under ADA) *with Evans v. Henderson*, No. 99 C

8332, 2000 WL 1161075 at * 3-4 (N.D. Ill. Aug. 16, 2000) (individual liability available under FMLA in certain circumstances). Amerisure's motion to dismiss will also be granted. By failing to respond, Ulatowski effectively concedes the point.

June 16, 2004

ENTER:

*[signature: Suzanne B. Conlon]*

Suzanne B. Conlon
United States District Judge