

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CINDY ULATOWSKI, | )<br>) |
| Plaintiff, | ) No. 03 C 8847<br>) |
| v. | ) Suzanne B. Conlon, Judge<br>) |
| JOHN STERLING CORPORATION, *et. al.*, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Cindy Ulatowski ("Ulatowski") sued John Sterling Corporation ("Sterling") for discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.* and various state court claims. The state court claims against Sterling were dismissed, leaving only the ADA claim. *See Ulatowski v. John Sterling Corp.*, 2004 U.S. Dist. LEXIS 11181 (N.D. Ill. June 16, 2004). On January 7, 2005, summary judgment was entered in Sterling's favor on the ADA claim. Sterling seeks to recover $11,855.30 in costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. §§ 1920, 1924.

## DISCUSSION

"[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include:

1

(1) fees for transcripts necessarily obtained for use in the case; (2) fees for printing and witnesses; (3) fees for copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920. Although a prevailing party need not engage in a massive audit to collect costs, it must provide enough information so that its bills of costs can be meaningfully reviewed for reasonableness and necessity. *Continental Plastic Containers, Inc. v. Owens-Brockway Plastic Products Inc.*, 1996 U.S. Dist. LEXIS 17211, at * 2 (N.D. Ill. Nov. 18, 1996).

## A. Fees of the Court Reporter

Sterling seeks $10,507.65 for court reporter fees and deposition transcripts. Ulatowski objects to these costs as unreasonable and, in some instances, unnecessary.

### 1. Deposition Transcripts

Section 1920(2) authorizes the taxing of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). To be recoverable, a deposition must be reasonably necessary to the case at the time it was taken. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). As support for deposition transcripts, Sterling attaches an itemization listing the name of each deponent, the date of each deposition, the name of the court reporting agency, and the total cost for each deposition. Sterling does not attach any invoices. Nor does it provide information as to the number of pages of each deposition, the price per page of each transcript, the number of hours of each deposition, or the hourly rate charged by the court reporters. Absent this information, the court is unable to determine the reasonableness of the costs sought.

Ulatowski argues the court should reject *all* court reporter fees and costs because they are unsupported. However, in her objections to the bill of costs, Ulatowski lists the number of pages of each deposition transcript, except for the depositions of Mr. Wells, Ms. O'Reilly, Mr. Puccini, Mr.

2

Rederer, Mr. Zerfas and Dr. Grossman's October 15 deposition. Without knowing the number of pages, the court cannot review the reasonableness of Sterling's bill of costs as to these six depositons.

Ulatowski lists which party ordered the original versus a copy of each transcript. Obj. at 8-10. Therefore, the court has sufficient information to calculate the reasonable costs of most of the deposition transcripts using the Judicial Conference rates for deposition transcripts in effect at the time of the depositions.

The court must determine whether the depositions were necessary. Ulatowski only objects to the necessity of three depositions: Mr. Jarabeck, Ms. Alabach and Ms. Kable. All three witnesses were employees of co-defendant Amerisure. Ulatowski claims these depositions were unnecessary to defend the ADA claim against Sterling. Sterling has not explained how the depositions of these Amerisure employees were necessary to defend the ADA claim. Sterling's request to recover transcript costs for these three depositions must be rejected.

As to the remaining depositions, deposition transcript costs are calculated by using the Judicial Conference rate of $3.30 per page for an original transcript and $0.83 for a transcript copy. These rates were in effect at the time of the depositions. *See* L.R. 54.1(b) (". . . the cost of the transcript or deposition shall not exceed the regular copy rate as established by [the Judicial Conference] *and in effect at the time the transcript or deposition was filed . . .*") (emphasis added). Therefore, Sterling's request for deposition transcripts must be reduced as follows:

| Deponent | Transcript | Pages | Cost Per Page | Total |
|---|---|---|---|---|
| John Sterling | Copy | 152 | $0.83 | $126.16 |
| Janet Held | Copy | 61 | $0.83 | $50.63 |
| Scott Braden 9/9/04 | Copy | 80 | $0.83 | $66.40 |
| Deborah Gaertner | Copy | 166 | $0.83 | $137.78 |
| Scott Braden 9/24/04 | Copy | 80 | $0.83 | $66.40 |
| Cindy Ulatowski 9/27/04 | Original | 206 | $3.30 | $679.80 |
| Wayne Stolarik | Copy | 237 | $0.83 | $196.71 |
| Cindy Ulatowski 10/1/04 | Original | 100 | $3.30 | $330.00 |
| Scott Laskowski | Copy | 73 | $0.83 | $60.59 |
| Thomas Grossman | Original | 98 | $3.30 | $323.40 |
| Lucy Froeming | Copy | 29 | $0.83 | $24.07 |
| Theresa Dulbis | Original | 26 | $3.30 | $85.80 |
| Audrey Zerfas | Original | 43 | $3.30 | $141.90 |
| Charles Lovely | Original | 20 | $3.30 | $66.00 |
| Gloria Laurin | Original | 45 | $3.30 | $148.50 |
| Brad Smith | Copy | 36 | $0.83 | $29.88 |
| Gary Peterson | Copy | 28 | $0.83 | $23.24 |
| Charles Carroll | Copy | 139 | $0.83 | $115.37 |
| Shaku Chhabaria | Original | 98 | $3.30 | $323.40 |
| **Total** | | | | **$2,996.03** |

2.  **Court Reporter Fees**

Sterling may recover *reasonable* hourly court reporter fees. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995); *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 844 (N.D. Ill. 2003) (hourly rate of $33.00 reasonable); *McCollough v. O'Neill*, No. 01 C 6510, 2003 U.S. Dist. LEXIS

4

2973, *6 (N.D. Ill. Feb. 28, 2003) (court reporter hourly rates of $30.00 and $60.00 reasonable). Sterling apparently seeks to recover court reporter fees, but it fails to provide information as to how its fees were calculated. For example, Sterling does not state the hourly rates charged by the court reporters. Nor does it provide information about the length of each deposition. Sterling has thus failed to provide a basis for calculating reasonable court reporter fees.

**B.     Copying Costs for Medical Records**

Sterling seeks $286.93 in copying costs for medical records. Ulatowski does not raise a specific objection to the copying costs, but objects to the bill of costs outright as unsupported. Obj. at 1. Whether or not Ulatowski objects, the court must determine whether Sterling's copying costs are reasonable. *See Shah v. Village of Hoffman Estates*, 2003 U.S. Dist. LEXIS 14135, at *2-3 (N.D. Ill. Aug. 12, 2003). Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In proving that copies were necessarily obtained for use in the case, a party need not submit a description so detailed as to make it impossible economically to recover photocopying costs. *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991); *Shah*, 2003 U.S. Dist. LEXIS 14135, at *5. However, a party is required to provide the best breakdown obtainable from retained records in order to make the required showing of necessity. *Northbrook Excess*, 924 F.2d at 643. The prevailing party must provide sufficient information for the court to discern whether the copying charges were both reasonably necessary and reasonable. *See Sanglap v. LaSalle Bank*, 194 F. Supp. 2d 798, 803 (N.D. Ill. 2002); *In re Brand Name Prescription Drugs Antitrust Litig.*, 1999 U.S. Dist. LEXIS 14705, at *6 (N.D. Ill. Sept. 1, 1999) (chart identifying nature of document copied, number of service copies

prepared, number of pages, copying cost per page, and total copying charge held sufficient to satisfy Seventh Circuit's requirements for reimbursement of photocopying costs).

Attached to its bill of costs, Sterling provides an itemization of fees for "printing of medical records." The itemization includes the date, purpose and total amount. The "purpose" listed identifies the person or entity paid, *e.g.*, Record Copy Services, but does not describe the nature of the documents copied, the number of copies made, or the copying cost per page. Absent this information, the court cannot discern whether the copying charges were either necessary or reasonable. Sterling's request to recover $286.93 in fees and disbursements for copying medical records must be denied. *See Sanglap*, 194 F. Supp. 2d at 803; *Fait v. Hummel*, 2002 U.S. Dist. LEXIS 21012, at *15 (N.D. Ill. Oct. 28, 2002) (denying request for copying costs where defendant failed to provide documentation that the copying costs were necessary to litigation).

## C. Witness Fees

Sterling seeks $1,090.72 in witness fees pursuant to 28 U.S.C. §1821. Included in this total amount are expert witness fees of $350 for Dr. Charles Carroll, and $550 for Dr. Shaku Chhabria. Ulatowski objects to the expert witness fees of Drs. Carroll and Chhabria to the extent they exceed the statutory $40 limit set forth in 28 U.S.C. § 1821.

A prevailing party seeking reimbursement of fees paid to its own expert witness may not use 28 U.S.C. § 1821 to exceed the $40.00 per day witness fee limitation. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1997). However, expert fees in excess of the $40.00 per day limit may be recoverable pursuant to Fed. R. Civ. P. 26(b)(4)(C)(i). *Chambers v. Ingram*, 858 F.2d 351, 360 (7th Cir. 1988). Rule 26(b)(4)(C)(i) permits recovery of an expert's reasonable fee for time spent responding to discovery. In effect, the rule permits circumvention for expert witnesses of 28

U.S.C. § 1821's limitation of $40.00 for each day of attendance. *See Chambers*, 858 F.2d at 360. In considering whether expert fees are appropriately taxed against the opposing party under Rule 26(b)(4)(C), the court should consider not only whether the fees are reasonable, but also whether the entire cost should be borne solely by the opposing party. Id.

Sterling fails to provide documentation to support the requested witness fees for Drs. Carroll and Chhabria. For example, Sterling provides neither the hourly rates nor the time spent by the expert witnesses in their depositions. Without this information, it is impossible to determine whether the expert fees are reasonable and whether Sterling seeks to impose all – or just a portion – of the expert fees on Ulatowski. Accordingly, the witness fees for Drs. Carroll and Chhabria must be reduced to $40 each pursuant to 28 U.S.C. § 1821.

Finally, Sterling seeks $94.47 in witness fees and mileage for Jim Puccini, and $96.25 in witness fees and mileage for Lucy Froeming. Ulatowski does not raise a specific objection to the request for mileage, but objects to the entire bill of costs as unsupported. Obj. at 1. Even if Ulatowski did not lodge an objection to mileage, Sterling is not automatically awarded mileage. The court must determine whether the mileage is reasonable, both in amount and as to necessity to the litigation. *See Shah*, 2003 U.S. Dist. LEXIS 14135, at *2-3.

There is no dispute Puccini and Froeming appeared for depositions. Thus, they are entitled to the $40 statutory witness fee. The question is whether the $54.47 and $56.25 mileage fees for Puccini and Froeming respectively are reasonable and necessary. Sterling does not provide documentation to support the request for mileage. Moreover, Sterling does not advise the court where these depositions occurred, thus rendering it impossible for the court to calculate mileage from their Twin Lakes, Wisconsin residences listed in the bill of costs. Because Sterling fails to provide

support for witness fees in excess of $40 for Puccini and Froeming, their witness fees must be reduced to $40 each.

## CONCLUSION

Sterling's bill of costs is granted in part. Sterling is awarded $2,996.03 for deposition transcripts and $160.00 in witness fees.

March 16, 2005                                    ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge